## IN THE UNITED STATES DISTRICT COURT

## FOR THE DISTRICT OF SOUTH CAROLINA

DONALD RAY MATHIS,    )
    )
    )    CIVIL ACTION NO. 3:08-2313-GRA-JRM
    Petitioner,    )
    )
v.    )    **REPORT AND RECOMMENDATION**
    )
MCKITHER BODISON,    )
    )
    Respondent.    )
_____)

       Petitioner, Donald Ray Mathis ("Mathis"), is an inmate with the South Carolina Department of Corrections serving a sentence of thirty (30) years imprisonment for criminal sexual conduct with a minor, first degree. On June 26, 2008, Mathis filed a *pro se* petition for a writ of habeas corpus pursuant to 28 U.S.C. § 2254. The case was automatically referred to the undersigned pursuant to Local Rule 73.02(B)(2)(c) and (e) (D.S.C). Respondent filed a motion for summary judgment on October 7, 2008. An order pursuant to Roseboro v. Garrison, 528 F.2d 309 (4th Cir. 1975) was entered on October 8, 2008. Mathis filed his response to the motion for summary judgment on October 31, 2008.

### Background and Procedural History

       On or about May 19, 2001, a female first grade student reported to her teacher that she had been sexually abused. The investigation revealed that the victim had been living primarily with her grandmother, and that the grandmother's boyfriend, Mathis, was the perpetrator. Mathis was charged and arrested. He was found guilty by a jury in Greenville County on March 13, 2003. Mathis was

represented by Randy Chambers, Esquire.

A direct appeal was filed by the South Carolina Office of Appellate Defense raising the following issue:

> The lower court lacked subject-matter jurisdiction to convict appellant because the indictment did not sufficiently identify the alleged victim?

(App. 216).

The conviction was affirmed by the South Carolina Court of Appeals. *See* State v. Mathis, Unpub.Op.No. 2004-UP-571 (S.C.Ct.App. 2004). (App. 228). The Remittitur was returned on December 1, 2004. (Res.Mem., Ex. 2).

Mathis filed an application for post-conviction relief ("PCR") on August 22, 2005. (App. 230). An evidentiary hearing was held on March 1, 2006. (App. 243). Mathis was represented by Kenneth C. Gibson, Esquire. The PCR court issued a written order of dismissal filed April 10, 2006. (App. 294). A Johnson[1] petition for writ of certiorari was filed on Mathis' behalf by the South Carolina Commission on Indigent Defense, raising the following claim:

> Trial counsel erred in failing to object to the sufficiency of the state's indictment issued against petitioner in the case.

(Res.Mem., Ex. 6).

The State filed an informal response. (Res.Mem., Ex. 7). Mathis filed a *pro se* brief pursuant to state procedure. (Res.Mem., Ex. 8). The South Carolina Supreme Court transferred Mathis' case to the South Carolina Court of Appeals. (Res.Mem., Ex. 9). The South Carolina Court of Appeals denied

---

[1] Johnson v. State, 364 S.E.2d 201 (S.C. 1988); see also Anders v. California, 386 U.S. 738 (1967).

2

the petition on May 28, 2008. (Res.Mem., Ex. 10).[2]  The Remittitur was returned on June 13, 2008.

(Res.Mem., Ex. 11).

### Grounds for Relief

In his present petition, Mathis asserts that he is entitled to a writ of habeas corpus on the

following grounds:

**Ground One:** Did the trial court err, and or was the Appellant,s [sic] 5th., 6th., 14th.,Amendment [sic] Rights of the U.S. Constitution, and his due process rights violated, as well as rules of court, to [sic] include Rules of Criminal Procedure, by the "procedural defect", in that the prosecuting agents acted as soul[sic] witnesses on the warrant(s) and or indictment(s)?

**Ground Two:** Did the trail[sic] court err, and or was the appellants 5th., 6th., 14th., amendment rights of the U.S. constitution, and his due process rights violated, as well as rules of court, to include rules of criminal procedure, as well as the court lacking Subject Matter Jurisdiction, and or was prohibited from enacting and or invoking its Subject Matter Jurisdictionary[sic] power ,by[sic] the "procedural defect ",[sic] in there was no "written" order of continuance obtained in pursuant to article v§4 of the S.C. CONST.?

**Ground Three:** Did the trail[sic] court err, and or was the appellants[sic] 5th., 6th., 14th., rights of the U.S. constitution, as well as Article IV§2, and his rights of Due process violated by the indictments failure to sufficiently and properly allege how the battery was accomplished?

**Ground Four:** Did the trial court err, and or was the appellants 5th., 6th., 14th., rights of the U.S. Constitution, as well as

---

[2]It appears the appeal was dismissed but reinstated. (Res.Mem., Exs. 3-5).

3

Article VI§2, and his rights of Due Process violated, by the trial court and or prosecuting body, allowing constructive amendment of the indictments at the appellants trial or plea hearing?

**Ground Five:** Did the courts in State v. Gentry supra err, and abused their discretionary power, and in such, the trial court lacks Subject Matter Jurisdiction, and or was prohibited from enacting its Subject Matter Jurisdiction, and or was prohibited from enacting its Subject Matter Jurisdictionary power, due to the indictment defects and or errors in this issue, in violation of the appellants 5th., 6th., 14th., amendment rights of the U.S. Constitution, and the laws of Due Process?

### Discussion

#### A. Procedural Bar

Respondent asserts that all Mathis' grounds for relief are procedurally barred because they have never been presented for review to the South Carolina courts in the same fashion they are presented in the petition before this Court.

Exhaustion and procedural bypass are separate theories which operate in a similar manner to require a habeas petitioner to first submit his claims for relief to the state courts. The two theories rely on the same rationale. The general rule is that a petitioner must present his claim to the highest state court with authority to decide the issue before the federal court will consider the claim.

#### 1.    Exhaustion

The theory of exhaustion is based on the statute giving the federal court jurisdiction of habeas petitions. Applications for writs of habeas corpus are governed by 28 U.S.C. § 2254, which allows relief when a person "is in custody in violation of the Constitution or laws or treaties of the United States." The statute states in part:

4

(b)(1)   An application for a writ of habeas corpus on behalf of a person in custody pursuant to the judgment of a State court, shall not be granted unless it appears that

(A)  the applicant has exhausted the remedies available in the courts of the State; or

(B)(i)  there is either an absence of available State corrective process; or

(ii) circumstances exist that render such process ineffective to protect the rights of the applicant.

(2)   An application for a writ of habeas corpus may be denied on the merits, notwithstanding the failure of the applicant to exhaust the remedies available in the courts of the State.

(3)   A State shall not be deemed to have waived the exhaustion requirement or be estopped from reliance upon the requirement unless the State, through counsel, expressly waives the requirement.

(c)   An applicant shall not be deemed to have exhausted the remedies available in the courts of the State, within the meaning of this section, if he has the right under the law of the State to raise, by any available procedure, the question presented.

This statute clearly requires that an applicant pursue any and all opportunities in the state courts before seeking relief in the federal court. When subsections (b) and (c) are read in conjunction, it is clear that § 2254 requires a petitioner to present any claim he has to the state courts before he can proceed on the claim in this court.  See O'Sullivan v. Boerckel, 526 U.S. 838 ( 1999).

The United States Supreme Court has consistently enforced the exhaustion requirement.

The exhaustion doctrine existed long before its codification by Congress in 1948.  In Ex parte Royall, 117 U.S. 241, 251 (1886), this Court wrote that as a matter of comity, federal courts should not consider a claim in a habeas corpus petition until after the state courts have had an opportunity to act....

Rose v. Lundy, 455 U.S. 509, 515 (1982).

In South Carolina, a person in custody has two primary means of attacking the validity of his

5

conviction. The first avenue is through a direct appeal and, pursuant to state law, he is required to state all his grounds in that appeal. See SCACR 207(b)(1)(B) and Blakeley v. Rabon, 266 S.C. 68, 221 S.E.2d 767 (1976). The second avenue is by filing an application for post-conviction relief ("PCR"). See S.C. Code Ann. § 17-27-10 et seq. A PCR applicant is also required to state all of his grounds for relief in his application. See, S. C. Code Ann. § 17-27-90. A PCR applicant cannot assert claims on collateral attack which could have been raised on direct appeal. Simmons v. State, 264 S.C. 417, 215 S.E.2d 883 (1975). Strict time deadlines govern direct appeal and the filing of a PCR in the South Carolina Courts. The South Carolina Supreme Court will only consider claims specifically addressed by the PCR court. If the PCR court fails to address a claim as is required by S.C.Code Ann. § 17-27-80, counsel for the applicant must make a motion to alter or amend the judgment pursuant to Rule 59(e), SCRCP. Failure to do so will result in the application of a procedural bar by the South Carolina Supreme Court. Marlar v. State, 375 S.C. 407, 653 S.E.2d 266 (2007). A PCR must be filed within one year of judgment, or if there is an appeal, within one year of the appellate court decision. S.C. Code Ann. § 17-27-45.

When the petition for habeas relief is filed in the federal court, a petitioner may present only those issues which were presented to the South Carolina Supreme Court through direct appeal or through an appeal from the denial of the PCR application, whether or not the Supreme Court actually reached the merits of the claim.[3] Further, he may present only those claims which have been squarely presented to the South Carolina appellate courts. "In order to avoid procedural default [of a claim], the substance of [the] claim must have been fairly presented in state court...that requires the ground

---

[3]In cases where the South Carolina Supreme Court applied a procedural bar, however, this court is directed to also apply that bar, except in certain limited circumstances. See discussion below on procedural bypass.

6

relied upon [to] be presented face-up and squarely.  Oblique references which hint that a theory may be lurking in the woodwork will not turn the trick." <u>Joseph v. Angelone</u>, 184 F.3d 320, 328 (4th Cir. 1999) (internal quotes and citations omitted). If any avenue of state relief is still available, the petitioner must proceed through the state courts before requesting a writ of habeas corpus in the federal courts, <u>Patterson v. Leeke</u>, 556 F.2d 1168 (4th Cir. 1977) and <u>Richardson v. Turner</u>, 716 F.2d 1059 (4th Cir. 1983). If petitioner has failed to raise the issue before the state courts, but still has any means to do so, he will be required to return to the state courts to exhaust the claims.  See <u>Rose v. Lundy</u>, <u>supra</u>.

### 2.    **Procedural Bypass**[4]

Procedural bypass is the doctrine applied when the person seeking relief failed to raise the claim at the appropriate time in state court and has no further means of bringing that issue before the state courts.  If this occurs, the person is procedurally barred from raising the issue in his federal habeas petition.  The United States Supreme Court has clearly stated that the procedural bypass of a constitutional claim in earlier state proceedings forecloses consideration by the federal courts, <u>Smith v. Murray</u>, 477 U.S. 527, 533 (1986).  Bypass can occur at any level of the state proceedings, if a state has procedural rules which bar its courts from considering claims not raised in a timely fashion.  The two routes of appeal in South Carolina are described above, and the South Carolina Supreme Court will refuse to consider claims raised in a second appeal which could have been raised at an earlier time.  Further, if a prisoner has failed to file a direct appeal or a PCR and the deadlines for filing have passed, he is barred from proceeding in state court.

---

[4]This concept is sometimes referred to as procedural bar or procedural default.  If a petitioner procedurally bypasses his state remedies, he is procedurally barred from raising them in this court.

If the state courts have applied a procedural bar to a claim because of an earlier default in the state courts, the federal court honors that bar. State procedural rules promote

> not only the accuracy and efficiency of judicial decisions, but also the finality of those decisions, by forcing the defendant to litigate all of his claims together, as quickly after trial as the docket will allow, and while the attention of the appellate court is focused on his case.

Reed v. Ross, 468 U.S. 1, 10-11 (1984).

Although the federal courts have the power to consider claims despite a state procedural bar,

> the exercise of that power ordinarily is inappropriate unless the defendant succeeds in showing both 'cause' for noncompliance with the state rule and 'actual prejudice resulting from the alleged constitutional violation.'

Smith v. Murray, supra, quoting Wainwright v. Sykes, 433 U.S. at 84 (1977); see also Engle v. Isaac, 456 U.S. 107, 135 (1982).

Stated simply, if a federal habeas petitioner can show (1) cause for his failure to raise the claim in the state courts, and (2) actual prejudice resulting from the failure, a procedural bar can be ignored and the federal court may consider the claim. Where a petitioner has failed to comply with state procedural requirements and cannot make the required showing(s) of cause and prejudice, the federal courts generally decline to hear the claim. See Murray v. Carrier, 477 U.S. 478, 496 (1986).

### 3.    Inter-relation of Exhaustion and Procedural Bypass

As a practical matter, if a petitioner in this court has failed to raise a claim in state court, and is precluded by state rules from returning to state court to raise the issue, he has procedurally bypassed his opportunity for relief in the state courts, and this court is barred from considering the claim (absent a showing of "cause" and "actual prejudice"). In such an instance, the exhaustion requirement is "technically met" and the rules of procedural bar apply. Matthews v. Evatt, 105 F.3d 907 (4th Cir. 1997); cert. denied, 522 U.S. 833 (1997) citing Coleman v. Thompson,

501 U.S. 722, 735 n.1 (1991); Teague v. Lane, 489 U.S. 288, 297-98 (1989); and George v. Angelone, 100 F.3d 353, 363 (4th Cir. 1996).

### 4. Excusing Default

The requirement of exhaustion is not jurisdictional, and this court may consider claims which have not been presented to the South Carolina Supreme Court in limited circumstances. Granberry v. Greer, 481 U.S. 129, 131 (1989). First, a petitioner may obtain review of a procedurally barred claim by establishing cause for the default and actual prejudice from the failure to review the claim. Coleman v. Thompson, 501 U.S. at 750 and Gary v. Netherland, 518 U.S. 152, 162 (1996). Second, a petitioner may rely on the doctrine of actual innocence.

A petitioner must show both cause and actual prejudice to obtain relief from a defaulted claim. In this context, "cause" is defined as "some objective factor external to the defense [that] impeded counsel's efforts to comply with the State's procedural rule." Strickler v. Greene, 527 U.S. 263, 283 n. 24 (1999) (quoting Murray v. Carrier, 477 U.S. 478, 488 (1986). A petitioner may establish cause if he can demonstrate ineffective assistance of counsel relating to the default, show an external factor which hindered compliance with the state procedural rule, demonstrate the novelty of his claim, or show interference by state officials. Murray v. Carrier; Clozza v. Murray, 913 F.3d 1092 (4th Cir. 1990), cert. denied, 499 U.S. 913 (1991); and Clanton v. Muncy, 845 F.2d 1238 (4th Cir.), cert. denied, 485 U.S. 1000 (1988). A petitioner must show reasonable diligence in pursuing his claim to establish cause. Hoke v. Netherland, 92 F.3d 1350, 1354 n. 1 (4th Cir. 1996). Further, the claim of cause must itself be exhausted. Edwards v. Carpenter, 529 U.S. 446 (2000) (failure of counsel to present issue on direct appeal must be exhausted in collateral proceeding as ineffective assistance to establish cause for default).

9

Generally, a petitioner must show some error to establish prejudice. <u>Tucker v. Catoe</u>, 221 F.3d 600, 615 (4th Cir.), <u>cert</u>. <u>denied</u>, 531 U.S. 1054 (2000). Additionally, a petitioner must show an actual and substantial disadvantage as a result of the error, not merely a possibility of harm to show prejudice. <u>Satcher v. Pruett</u>, 126 F.3d 561, 572 (4th Cir. 1997).

"Actual innocense" is not an independent claim, but only a method of excusing default. <u>O'Dell v. Netherland</u>, 95 F.3d 1214, 1246 (4th Cir. 1996), *aff'd*, 521 U.S. 151 (1997). To prevail under this theory, a petitioner must produce new evidence not available at trial to establish his factual innocence. <u>Royal v. Taylor</u>, 188 F.3d 239 (4th Cir. 1999). A petitioner may establish actual innocense as to his guilt, <u>Id</u>., or his sentence. <u>Matthews v. Evatt</u>, 105 F.3d 907, 916 (4th Cir. 1997).

### 5.    Procedure

Procedural default is an affirmative defense which is waived if not raised by respondents. <u>Gray v. Netherland</u>, 518 U.S. at 165-66. It is petitioner's burden to raise cause and prejudice or actual innocence. If not raised by petitioner, the court need not consider the defaulted claim. <u>Kornahrens v. Evatt</u>, 66 F.3d 1350 (4th Cir. 1995), <u>cert</u>. <u>denied</u>, 517 U.S. 1171 (1996).

After denial of the PCR, appellate counsel filed a <u>Johnson</u> petition for writ of certiorari[5] with the South Carolina Supreme Court. In <u>Johnson v. State</u>, 294 S.C. 310, 364 S.E.2d 201 (1988), the South Carolina Supreme Court adopted a procedure for appeal where appellate counsel concludes that the PCR applicant has no meritorious grounds to present. Counsel is required to file the <u>Johnson</u> petition raising any issue which is arguably appealable and requesting leave to withdraw as attorney for the petitioner on appeal. A copy of the brief is furnished to the applicant and he is notified that

---

[5]All appeals from the denial of a PCR application are made by seeking a writ of certiorari from the South Carolina Supreme Court. See SCACR 227.

he has a specific period of time to furnish further information to the Supreme Court for consideration in making a determination as to the Johnson petition. The applicant may file a pro se brief raising additional issues. Foster v. State, 298 S.C. 306, 379 S.E.2d 907 (1989). In ruling on a Johnson petition for writ of certiorari, the South Carolina Supreme Court necessarily considers the issue or issues raised in the Johnson petition and any issues raised by the applicant in his pro se brief. Further, the South Carolina Supreme Court conducts a review of the record when a Johnson petition is filed. King v. State, 308 S.C. 348, 417 S.E.2d 868 (1992). In so doing, the South Carolina Supreme Court will only consider those issues raised by the PCR application upon which evidence was presented **and** were ruled on by the PCR court. The South Carolina Supreme Court applies a procedural bar to issues which do not meet this criteria. Under South Carolina law, the PCR court is required to make specific findings of fact and conclusions of law as to each issue raised in the PCR. See S.C. Code Ann. § 17-27-80 and Rule 52(a) SCRCP. Bryson v. State, 328 S.C. 236, 493 S.E.2d 500 (1997). Counsel is required to object to any deficiencies in the order of the PCR court by making a motion to alter or amend the judgment pursuant to rule 59(e), SCRCP. McCullough v. State, 320 S.C. 270, 464 S.E.2d 340 (1995). If counsel fails to make such a motion, the South Carolina Supreme Court will apply a procedural bar to any issue not addressed in the order of the PCR court. Marlar v. State, 375 S.C. 407, 410, 653 S.E.2d 266, 267 (2007); Gambrell v. Bazzle, 2008 WL 269505, * 4-5 (D.S.C.).

Thus, when considering a Johnson petition, the South Carolina Supreme Court will only address the issues specifically ruled on by the PCR court which are raised in the Johnson petition and the *pro se* brief or petition submitted by the applicant. The Supreme Court will apply a procedural bar to all other issues.

11

In his present petition, Mathis alleges violations of the Fifth, Sixth and Fourteenth Amendment rights with respect to each of his claims. His claims generally allege defects in his indictment which resulted in the trial court lacking subject matter jurisdiction. Even though Mathis challenged the sufficiency of the indictment on direct appeal and argued that his trial attorney was ineffective for failing to challenge the sufficiency of the indictment in his <u>Johnson</u> petition, he did not make the constitutional arguments he now offers.[6] Further, Mathis does not address the argument that his claims are procedurally barred, nor does he attempt to establish cause and prejudice in his <u>Roseboro</u> response.

### B. Subject Matter Jurisdiction

Even if Mathis' claims that his indictment was defective and that the trial court lacked subject matter jurisdiction were considered on their merits, they would fail.

The due process clause of the United States Constitution requires only that a defendant be given sufficient notice of the charges prior to trial. <u>Cole v. Arkansas</u>, 333 U.S. 196 (1948). It does not require a formal arraignment. It is clear that the requirement of Grand Jury indictment contained in the Fifth Amendment to the United States Constitution does not apply to the states. <u>Wilson v. Lindler</u>, 8 F.3d 173, 174 (4th Cir. 1993) (en banc), *cert. denied*, 510 U.S. 1131 (1994) and <u>U.S. v. Floresca</u>, 38 F.3d 706, 709 n.5 (4th Cir. 1994). This rule allows states to prosecute felony cases by information as opposed to grand jury indictment. <u>Hurtado v. California</u>, 110 U.S. 516, 538 (1884); <u>Wilkerson v. Whitley</u>, 28 F.3d 498, 502-3 (4th Cir. 1994) (en banc); and <u>Minner v. Kerby</u>, 30 F.3d 1311, 1317-18 (10th Cir. 1994).

---

[6]In his *pro se* brief relating to the <u>Johnson</u> petition, Mathis made no separate or distinct claims. Mathis generally stated his trial attorney could have raised other issues had he not lost Mathis' file. (Res.Mem., Ex. 8).

The criminal jurisdiction of the Circuit Courts in South Carolina is established by Article V, § 11 of the South Carolina Constitution ("The Circuit Court shall be a general trial court with original jurisdiction in ...criminal cases").  Subject matter jurisdiction is the authority of a court to hear and determine cases of the general class to which the proceedings in question belong.  <u>Dove v. Gold Kist, Inc.</u>, 442 S.E.2d 598 (S.C. 1994) and <u>State v. Gentry</u>, 610 S.E.2d 494, 498 (S.C. 2005).  The Circuit Court gains subject matter jurisdiction in a criminal case in one of three ways: "(1) the grand jury true bills an indictment which sufficiently states the offense; (2) the defendant waives presentment in writing; or (3) the offense is a lesser included offense of a crime adequately charged in a true bill of indictment."  <u>State v. Gonzales</u>, 600 S.E.2d 122, 124 (Ct. App. 2004).

A court's jurisdiction over the subject matter of a proceeding before it is fundamental.  A party may raise lack of subject matter jurisdiction at any time, including on appeal for the first time.  Further, the court may raise the issue *sua sponte*.  Lack of subject matter jurisdiction may not be waived by the parties.  <u>Brown v. State</u>, 540 S.E.2d 846 (S.C. 2001).  The acts of a court which lacks subject matter jurisdiction are void.  <u>State v. Funderburk</u>, 191 S.E.2d 250 (S.C. 1972).

Since a state defines the subject matter jurisdiction of its courts, a challenge on the basis of lack of subject matter jurisdiction is a quintessential question of state law.  Thus, the frequently quoted maximum that a criminal defendant can raise the issue of lack of subject matter jurisdiction at any time should actually be phrased "at any time he is in state court."  In other words, it is up to South Carolina courts to resolve issues as to whether or not subject matter jurisdiction exists.  This court does not review determinations of state law made by South Carolina courts.  See <u>Pulley v. Harris</u>, 465 U.S. 37 (1984) ("[A] federal court may not issue a writ of habeas corpus on the basis of a perceived error of state law.").

13

## Conclusion

Based on a review of the record, it is recommended that Respondent's motion for summary judgment be **granted** and the petition **dismissed** without prejudice so Petitioner can proceed in state court.

_____
Joseph R. McCrorey
United States Magistrate Judge

March 3,  2009
Columbia, South Carolina

**The parties are referred to the Notice Page attached hereto.**

14

**Notice of Right to File Objections to Report and Recommendation**

The parties are advised that they may file specific written objections to this Report and Recommendation with the District Court Judge. Objections must specifically identify the portions of the Report and Recommendation to which objections are made and the basis for such objections. In the absence of a timely filed objection, a district court need not conduct a de novo review, but instead must "only satisfy itself that there is no clear error on the face of the record in order to accept the recommendation." *Diamond v. Colonial Life & Acc. Ins. Co.*, 416 F.3d 310 (4th Cir. 2005).

Specific written objections must be filed within ten (10) days of the date of service of this Report and Recommendation. 28 U.S.C. § 636(b)(1); Fed. R. Civ. P. 72(b). The time calculation of this ten-day period excludes weekends and holidays and provides for an additional three (3) days for filing by mail. Fed. R. Civ. P. 6(a) & (e). Filing by mail pursuant to Fed. R. Civ. P. 5 may be accomplished by mailing objections to:

Larry W. Propes, Clerk
United States District Court
901 Richland Street
Columbia, South Carolina 29201

**Failure to timely file specific written objections to this Report and Recommendation will result in waiver of the right to appeal from a judgment of the District Court based upon such Recommendation.** 28 U.S.C. § 636(b)(1); *Thomas v. Arn*, 474 U.S. 140 (1985); *United States v. Schronce*, 727 F.2d 91 (4th Cir. 1984); *Wright v. Collins*, 766 F.2d 841 (4th Cir. 1985).

15