IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF SOUTH CAROLINA
COLUMBIA DIVISION

| | |
|---|---|
| DONALD RAY MATHIS, #291599, ) | |
| ) | ORDER |
| ) | 3:08-2313-GRA-JRM |
| Petitioner, ) | |
| ) | |
| v. ) | |
| ) | |
| MCKITHER BODISON, ) | |
| ) | |
| Respondent. ) | |
| _____ ) | |

This matter comes before the Court for a review of the magistrate's Report and Recommendation pursuant to 28 U.S.C. § 636(b)(1)(B), and Local Rule 73.02(B)(2)(c), D.S.C., filed on March 3, 2009. Additionally before the Court is the petitioner's motion to stay this case. On June 26, 2008, Mathis filed a *pro se* petition for a writ of habeas corpus pursuant to 28 U.S.C. § 2254.

Respondent filed a motion for summary judgment on October 7, 2008. An order pursuant to *Roseboro v. Garrison*, 528 F.2d 309 (4th Cir. 1975) was entered on October 8, 2008 and Mathis filed his response to the Motion for Summary Judgment on October 31, 2008. On March 3, 2009 the magistrate filed a Report and Recommendation recommending that this case be dismissed without prejudice. The petitioner offered objections to this Report and Recommendation on April 15, 2009 after being given an extension. Also on April 15, 2009, the petitioner filed a motion to stay this matter.

Plaintiff brings this claim *pro se.* This Court is required to construe *pro se* pleadings liberally. Such pleadings are held to a less stringent standard than those drafted by attorneys. *See Gordon v. Leeke*, 574 F.2d 1147, 1151 (4th Cir. 1978). This Court is charged with liberally construing a pleading filed by a *pro se* litigant to allow for the development of a potentially meritorious claim. *See Boag v. MacDougall*, 454 U.S. 364, 365 (1982).

## The Motion to Dismiss

The magistrate recommends dismissing this case. The magistrate makes only a recommendation to this Court. The recommendation has no presumptive weight, and responsibility for making a final determination remains with this Court. *Mathews v. Weber*, 423 U.S. 261, 270-71 (1976). This Court is charged with making a *de novo* determination of those portions of the Report and Recommendation to which specific objection is made, and this Court may "accept, reject, or modify, in whole or in part, the findings or recommendations made by the magistrate." 28 U.S.C. § 636(b)(1). This Court may also "receive further evidence or recommit the matter to the magistrate with instructions." *Id.* In order for objections to be considered by a United States District Judge, the objections must specifically identify the portions of the Report and Recommendation to which the party objects and the basis for the objections. FED. R. CIV. P. 72(b); *see United States v. Schronce*, 727 F.2d 91,94 n.4 (4th Cir. 1984); *Wright v. Collins*, 766 F.2d 841, 845-47 nn.1-3 (4th Cir. 1985). "Courts have . . . held *de novo* review to be unnecessary in . . . situations when a

party makes general and conclusory objections that do not direct the court to a specific error in the magistrate's proposed findings and recommendation." *Orpiano v. Johnson*, 687 F.2d 44, 47 (4th Cir. 1982). Furthermore, in the absence of specific objections to the Report and Recommendation, this Court is not required to give any explanation for adopting the recommendation. *Camby v. Davis*, 718 F.2d 198 (4th Cir. 1983). The Court finds two objections that meet this standard.

First, the petitioner argues that his claims should not be barred because the state has failed to adhere to its own laws. Specifically, the defendant appears to contest his indictment. However, even assuming the petitioner to be correct, a state's failure to adequately administer its own laws does not generally alter the exhaustion requirement. In fact, the very purpose of the exhaustion requirement is to minimize the friction between the state and federal system by allowing the states to correct their errors. *See Duckworth v. Serrano*, 454 U.S. 1, 102 S.Ct. 18 (1981). Accordingly, this objection is without merit.

Second, the petitioner argues that because his claims relate to subject matter jurisdiction, which can be raised at any time, they are not subject to the exhaustion requirement. However, as the magistrate explained, a habeas petition provides a method of redress for violations of federal law and this objection ultimately deals with an issue of state law. *See Weeks v. Angelone*, 176 F.3d 249, 262 (4th Cir. 1999). Additionally, "it is not the province of a federal habeas court to reexamine state-court determinations on state-law questions." *Estelle v. McGuire*, 502 U.S. 62, 67-68, 112

S.Ct. 475 (1991). Accordingly, it is up to the South Carolina courts to address the matter of subject matter jurisdiction. Accordingly, this objection is without merit.

### Motion to Stay

The petitioner additionally filed a motion to stay the pending matter until he has the opportunity to exhaust his state remedies. However, such a request is improper. However, a dismissal without prejudice will give the petitioner to opportunity to assert these claims, if necessary, after he has exhausted his state court appeals. Accordingly, this request is denied.

### Conclusion

After reviewing the record, and the Report and Recommendation this Court finds that the magistrate applied sound legal principles to the facts of this case. Therefore, this Court adopts the magistrate's Report and Recommendation in its entirety.

Wherefore the Respondent's motion for summary judgment is GRANTED and this petition is dismissed without prejudice so Petitioner can proceed in state court. Additionally, the petitioner's motion to stay this case is DENIED.

IT IS SO ORDERED.

G. ROSS ANDERSON, JR.
UNITED STATES DISTRICT JUDGE

Anderson, South Carolina

April 29, 2009

## <u>NOTICE OF RIGHT TO APPEAL</u>

Petitioner is hereby notified that he has the right to appeal this Order within thirty (30) days from the date hereof, pursuant to Rules 3 and 4 of the Federal Rules of Appellate Procedure.  Failure to meet this deadline, as modified within Rule 4, will waive the right to appeal.